1  Jason E. Baker, Esq. (SBN: 197666)
   jbaker@keeganbaker.com
2  Rebecca M. Soule, Esq. (SBN: 273761)
   rsoule@keeganbaker.com
3  **KEEGAN & BAKER, LLP**
   6255 Lusk Boulevard, Suite 140
4  San Diego, California 92121
   Telephone: (858) 558-9400
5  Facsimile: (858) 558-9401

6  Vincent Renda, Esq. (CSB#213985)
7  **RENDA LAW OFFICES**
   600 West Broadway, Suite 400
   San Diego, CA 92101
8  Telephone: (619) 819-0011
   Facsimile: (619) 819-0012
9  Email: vr@rendalawoffices.com

11 Attorney for Plaintiff JEFFREY J. GARCIA, individually and as trustee of the JEFFREY JASON GARCIA FAMILY 2001 TRUST

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DANIEL JOSEPH SHAW and AMBER JUNE McCLAIN SHAW,<br><br>Debtor(s)<br><br>JEFFREY J. GARCIA, individually and as trustee of the JEFFREY JASON GARCIA FAMILY 2001 TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL JOSEPH SHAW,<br><br>Defendant. | CASE NO. 15-50656 SLJ<br>Ch. 7<br><br>Adv. Pro. No. 15-05060 SLJ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P 12(b)(g) & 15(c)(1)(B), B.R. 4007(c))**<br><br>Date: June 14, 2016<br>Time: 1:30 p.m.<br>Place: Courtroom 3099 |

Plaintiff JEFFREY J. GARCIA, individually and as trustee of the JEFFREY JASON GARCIA FAMILY 2001 TRUST ("Plaintiff" or "Garcia") hereby submits the following Opposition to Defendant's Motion to Dismiss the First Claim for Relief in the Second Amended Complaint for failure to state a claim upon which relief can be granted.

The First Claim for Relief for nondischargeability of debt under 11 U.S.C. § 523(a)(2)(A) relates back to the Complaint filed June 1, 2015, ("Original Complaint") as it arises out of the same conduct, transaction and occurrence set out in the Original Complaint, and is therefore not time-barred pursuant to Bankruptcy Rule 4007(c), and Federal Rules of Civil Procedure 12(b)(6), 7012(b) and 15(c)(1)(B). Accordingly, Defendants' Motion should be denied in its entirety.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This Adversary proceeding arises from debtor Daniel Shaw's attempt to discharge in bankruptcy debts incurred from his fraudulent actions, misrepresentations, breaches of fiduciary duty, willful and malicious conduct, as set out in the Original Complaint. A common core of operative facts supports each of Plaintiff's claims for why the debt owed to Plaintiff should be determined nondischargeable by this Bankruptcy Court. In the Original Complaint, Plaintiff plead nondischargeability of debt under Bankruptcy Code Sections 523(a)(4) and 523(a)(6), which are similar to the claim subject to this motion, requiring similar evidence and burdens of proof. In addition, the facts supporting the Original Complaint and Second Amended Complaint are virtually identical, providing Defendant with plenty of notice as to the nature of Plaintiff's claims, including the new claim for nondischargeability pursuant to Bankruptcy Code § 523(a)(2)(A). The claim under § 523(a)(2)(A) was set out, but not plead in the Original Complaint; however, it sufficiently relates back to the Original Complaint for purposes of the applicable statute of limitations and is therefore not time-barred.

### A. Procedural History

On February 27, 2015, Defendant Daniel Shaw ("Defendant" or "Shaw") filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code, thereby commencing this bankruptcy case. June 1, 2015, was the deadline set for creditors to object to Defendant's discharge or to challenge the dischargeability of certain debt. On June 1, 2015, Plaintiff timely

filed a Complaint objecting to Defendant's request for discharge, and seeking a determination as to the dischargeability of debt owed to Plaintiff pursuant to Bankruptcy Code § 523. (Request for Judicial Notice ("RJN"), Bankruptcy Case Docket, Document No. 1.) On September 28, 2015, Plaintiff filed a First Amended Complaint to drop the Third Claim for Relief for denial of discharge pursuant to 11 U.S.C. § 727(a)(3). On March 14, 2016, the Court ordered, amongst other things, that the three named Plaintiffs of the Original Complaint sever their adversary proceedings and file amended complaints. In response, Plaintiff filed a Second Amended Complaint on April 12, 2016, alleging almost identical facts as the Original Complaint, and an additional Claim for Relief for nondischargeability that was erroneously omitted, but set out, in the Original Complaint. (RJN, Bankruptcy Case Docket, Document No. 23.)

### B. The "Conduct, Transaction and Occurrence" Alleged In The Original Complaint Forms The Basis For The New Claim For Relief

As discussed below, an amended complaint relates back to the date the action was commenced if a newly asserted claim *arises out of the conduct, transaction or occurrence* alleged in the original pleading. (F.R.C.P. 15(c)(1)(B).) Defendant challenges the addition of the Claim for Relief for Nondischargeability pursuant to Bankruptcy Code § 523(a)(2)(A), despite the fact that the Original Complaint included Claims for Relief for Nondischargeability pursuant to § 523(a)(4) and § 523(a)(6). The <u>Original Complaint</u> alleges a litany of facts that support Plaintiff's request for determination of nondischargeability of debt pursuant to Bankruptcy Code Sections 523(a)(4) and 523(a)(6), as well as the new claim under Section 523(a)(2)(A). They are as follows:

- Defendant held himself out as a self-styled expert in creating, managing and servicing real estate invest loans through his companies, Cupertino Capital and LG. (Original Complaint, page 3, ¶15.)
- On June 15, 2012, unbeknownst to his investors, an arrest warrant was issued for Defendant charging him with six counts of felony grand theft for fraud and embezzlement. Two investors in Investment Pools similar to what Plaintiff was induced into investing into, discovered that Defendant failed to secure their

investments, rendering them worthless. Defendant was subsequently convicted on two counts for felony Grand Theft. (Original Complaint, page 4-5, ¶19-¶20.)

- Unbeknownst to his investors, including Plaintiff, Defendant's real estate broker's license was suspended by the BRE on several occasions for violating various provisions of the Business and Professions Code relating to mishandling of client trust funds and failing to timely record trust deed investments. (Original Complaint, page 5, ¶19-¶20.)

- In March 2015, the U.S. Department of Labor filed a lawsuit against Defendant and his businesses alleging that Defendant breached his fiduciary duties by investing his company's 401K saving plan in high-risk, hard money loans purportedly secured by deeds of trust. (Original Complaint, pages 5-6, ¶25.)

- Plaintiff invested millions of dollars in hard money loans structured by Defendant, and relied on Defendant as his agent and fiduciary to properly structure and manage these investments. (Original Complaint, page 7, ¶27.)

- Although Plaintiff asked on several occasions, Defendant refused to provide documents requested by Plaintiff concerning his investments. (Original Complaint, page 7, ¶28.)

- Plaintiff is now informed and believes that the loans obtained with his investments were often inadequately underwritten, under-secured or unsecured, inadequately structured and unreasonably risky based on the low expected rate of return. Plaintiff also learned that Defendant mismanaged the loans and engaged in professional misconduct to such an extent that it has jeopardized Plaintiff's remaining $1.5 million investments. (Original Complaint page 8, ¶29.)

- Defendant failed to disclose to Plaintiff the nature and extent of his relationship with investment adviser Michael Holt, including secret kickbacks and compensation paid by Defendant to Holt and other professionals, to secure investments from Plaintiff. (Original Complaint page 9, ¶37a.)

- Defendant failed to disclose to Plaintiff the receipt of secret profits from transactions

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

funded with Plaintiff's money. (Original Complaint page 9, ¶37b.)

- Defendant failed to disclose to Plaintiff that when Defendant became aware of investment opportunities, he would participate as a principal in the most lucrative opportunities as opposed to offering participation to Plaintiff. (Original Complaint page 9, ¶37c.)

- Defendant willfully and knowingly created real estate syndicates that he knew would cause Plaintiff to lose money, for the purpose of Defendant collecting fees and commissions. (Original Complaint page 9, ¶37d.)

- Defendant willfully and knowingly sent to Plaintiff "Lender Statements" that concealed, misrepresented and otherwise obfuscated the risks of loss and actual losses suffered by Plaintiff and those similarly situated. (Original Complaint page 9, ¶37e.)

## II. THE FIRST CLAIM FOR RELIEF ALLEGED IN THE SECOND AMENDED COMPLAINT SUFFICIENTLY RELATES BACK TO THE ORIGINAL COMPLAINT PURSUANT TO F.R.C.P. 15(c)(1)(B)

Defendant argues that the Claim for Relief under Bankruptcy Code 523(a)(2)(A) in the Second Amended Complaint is time-barred pursuant to Bankruptcy Rule 4007(c), despite the fact that Plaintiff timely asserted almost identical claims for relief under Bankruptcy Code Sections 523(a)(4) and 523(a)(6) on the same common core of facts.

An otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading. (*ASARCO, LLC v. Union Pacific R. Co.* (9th Cir. 2014) 765 F.3d 999, 1004.) F.R.C.P. 15(c)(1)(B) provides that an amendment to a pleading relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out- or attempted to be set out- in the original pleading." An amended claim arises out of the same conduct, transaction, or occurrence if it "will likely be proved by the 'same kind of evidence' offered in support of the original pleading." (*Percy v. S.F. Gen. Hosp.*, (9th Cir. 1988) 841 F.2d 975, 978.) To relate back, "the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." (*Martell v. Trilogy Ltd.* (9th Cir.

1989) 872 F.2d 322, 325.)

The relation back doctrine of Rule 15(c) is "liberally applied." (*Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.* (9th Cir. 1982) 690 F.2d 1240, 1259.) An amended complaint is not time-barred because it asserts a new theory. (*Santamarina v. Sears, Roebuck & Co.* (7th Cir. 2006) 466 F.3d 570, 573.) The criterion of relation back is whether the *original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.* (*Id.* Emphasis added.)

Here, a common core of operative facts is alleged in both the Original and Second Amended Complaint; namely, that Defendant fraudulently induced Plaintiff to invest millions of dollars in unsecured loans, while withholding information from investors such as the risks, status of the loans, kickbacks to advisers, Defendant's own participation and commissions, etc. The Original Complaint put Defendant on notice that Plaintiff's general claim was that the debts owed to Plaintiff should be determined nondischargeable by this Bankruptcy Court under the protections of Bankruptcy Code 523. In fact, the Original Complaint specifically states: "The purpose of Section 523 of the Bankruptcy Code is to protect victims of fraud. [citation] Plaintiff-creditor Garcia is a victim of fraud."

Section 523(a)(2)(A) of the Bankruptcy Code provides that a debt incurred by a debtor who obtained money/property under false pretenses, a false representation, or actual fraud shall be nondischargeable. All of the facts needed to assert a claim for relief under this section were included in the Original Complaint. Plaintiff alleges that Defendant held himself out as a financial expert, that Plaintiff relied on Defendant as his fiduciary, Defendant misrepresented the status of his broker's license, knowingly created real estate syndicates that he knew would cause investors to lose money, provided kickbacks to investor's financial advisers for their influence over investors to invest, failed to secure loans Plaintiff invested in, and willfully sent "lender statements" concealing the risks and actual losses suffered by Plaintiff. (Original Complaint, ¶¶ 15, 19, 20, 29, 37a- 37e.) Plaintiff's complaint does not need to prove a claim for relief, it simply needs to plead sufficient facts to assert one.

Moreover, the fact that Plaintiff's Original Complaint asserted claims for relief for nondischargeability under Sections 523(a)(4), and 523(a)(6), which are substantially similar to a claim for nondischargeability under 523(a)(2)(A), *gave Defendant enough notice of the nature and scope of the Plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.* (*Santamarina, supra,* 466 F.3d 570 at 573.) Section 523(a)(4) provides that a debt incurred by a debtor who perpetrates fraud or defalcation while acting as a fiduciary is nondischargeable, and Section 523(a)(6) provides that a debt incurred by a debtor who engages in willful and malicious conduct shall be nondischargeable. Accordingly, Defendant's argument that Plaintiff has shifted to "new ground in alleging fraudulent conduct on the part of Defendant" has no merit.

## III. CONCLUSION

For the reasons stated herein and by a clear reading of the Original Complaint and the Second Amended Complaint, this Court should deny Defendant's Motion to Dismiss the First Claim for Relief in the Second Amended Complaint, as it sufficiently relates back to the Original Complaint and is therefore not time-barred.

DATED May 31, 2016

By: /s/Jason E. Baker
Jason E. Baker, Esq.
Rebecca M. Soule, Esq.
KEEGAN & BAKER, LLP
6255 Lusk Boulevard, Suite 140
San Diego, CA 92121
Tel: (858) 558-9400
Fax: (858) 558-9401
Email: JBaker@KeeganBaker.com
RSoule@KeeganBaker.com
*Attorneys for Plaintiff Jeffrey J. Garcia*

/s/Vincent Renda
Vincent Renda, Esq.
RENDA LAW OFFICES
600 West Broadway, Suite 400
San Diego, CA 92101
Tel: (619) 819-0011
Fax: (619) 819-0012
Email: VR@RendaLawOffices.com
*Attorneys for Plaintiff Jeffrey J. Garcia*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Vincent Renda, Esq. (CSB#213985)
RENDA LAW OFFICES
600 West Broadway, Suite 400
San Diego, CA 92101
Telephone: (619) 819-0011
Facsimile: (619) 819-0012
Email: vr@rendalawoffices.com
Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

In re:

DANIEL JOSEPH SHAW and
AMBER JUNE McCLAIN SHAW,

              Debtors.

Case No. 15-50656-SLJ7

Chapter 7

JEFFREY J. GARCIA, individually and as
Trustee of the JEFFREY JASON GARCIA FAMILY
2001 TRUST,

              Plaintiff,

vs.

DANIEL JOSEPH SHAW;

              Defendant.

Adv. Pro. No. 15-05060 SLJ

**PROOF OF SERVICE**

I, Laurie E. Dillon, certify that service of the following:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P 12(b)(g) & 15(c)(1)(B), B.R. 4007 (c))**

was made on May 31, 2016 by:

\_\_X\_\_ Mail Service: Regular, First Class United States mail, postage fully prepaid, addressed to:

1 | David B. Rao, Esq.
2 | Binder & Malter, LLP
  | 2775 Park Avenue
3 | Santa Clara, CA  95050
4 |
5 |     I certify that I am, and at all times during the service of process was, not less than 18
6 | years of age and not a party to the matter concerning which service of process was made.  Under
7 | penalty of perjury, I declare that the foregoing is true and correct.
8 |     Executed on May 31, 2016 at San Diego, California 92101.
9 |
10 |                                                                             */s/ Laurie E. Dillon*
11 |                                                                            Laurie E. Dillon

PROOF OF SERVICE